**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

ANDREA SAMAYOA, individually and     :     Case No.: 1:22-cv-03389
on behalf of all others similarly situated,  :
                                 :
         Plaintiff,           :     **COLLECTIVE ACTION**
                                 :     **COMPLAINT**
                                 :
       -against-          :     **JURY TRIAL DEMANDED**
                                 :
iMOBILE, LLC and iMOBILE USA, LLC,     :
                                 :
       Defendants.        :
-------------------------------------------------------------X

## INTRODUCTION

Plaintiff ANDREA SAMAYOA ("SAMAYOA or "Plaintiff"), individually and on behalf of all others similarly situated, files this Collective Action Complaint and Jury Demand against Defendants iMobile, LLC and iMobile USA, LLC (collectively "Defendants" or "iMobile") seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA") on behalf of himself and all current and former salaried, overtime exempt-classified Store Managers ("SMs") who worked at any of Defendants' locations in the United States.  The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others:

## NATURE OF THE ACTION

1.      Plaintiff brings this action on behalf of himself and similarly situated current and former employees of Defendants nationwide who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA") and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA

by Defendants that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

## JURISDICTION AND VENUE

2.       This Court has subject matter jurisdiction pursuant to pursuant to 28 U.S.C. §§ 1331 and 1337.

3.       Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because Defendants' principal places of business is located in this district (Plainview, Nassau County, New York), and a substantial part of the events or omissions giving rise to the claims occurred in this District.

4.       Defendants are covered employers within the meaning of the FLSA, with gross revenues exceeding $500,000.00 for all relevant times.

## THE PARTIES

### Plaintiff Andrea Samayoa

5.       Plaintiff was employed by Defendants as a SM from on or about February 2017 to January 2020 in Chino Hills, California.

6.       During the workweeks of December 8, 2019 and December 17, 2019, Plaintiff worked approximately 50 hours during each workweek and was not paid any wages for any hours worked above 40 in these workweeks.

7.       Plaintiff's written consent to join this action is attached hereto as Exhibit "A".

### Defendants

8.       iMobile USA, LLC and iMobile, LLC are exclusive T-Mobile (formerly Sprint PCS) Authorized Retailers specializing in wireless communication services.

9.      With over 500 employees, Defendants operate more than 200 retail locations in 21 states, including in this District.

10.     iMobile, LLC is a New York limited liability company, with a principal place of business located at 207 Terminal Drive, Plainview, New York 11803.

11.     iMobile USA, LLC is a New York limited liability company, with a principal place of business located at 206 Terminal Drive, Plainview, New York 11803.

12.     Throughout the relevant period, Defendants employed and/or jointly employed Plaintiff and other SMs within the meaning of the FLSA.

13.     Defendants have had substantial control over Plaintiff's and other SMs' working conditions and the unlawful policies and practices alleged herein.

14.     At all times relevant, Defendants maintained control, oversight and direction over Plaintiff and other SMs, including timekeeping, payroll and other employment practices that applied to them.

15.     Defendants apply the same employment policies, practices, and procedures to all SMs.

16.     At all times relevant, Defendants' annual gross volume of sales made or business done was not less than $500,000.

17.     At all times relevant, Defendants have been an enterprise, each on their own and as a joint employer, within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18.     At all times relevant, Defendants were/are an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because Defendants have had employees engaged in commerce or in the production of goods for

commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

19.    At all times relevant, Plaintiff and all similarly situated SMs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

20.    Defendants issued paychecks to Plaintiff and all similarly situated SMs during their employment.

21.    Pursuant to Defendants' policy and pattern or practice, Defendants did not pay Plaintiff and other similarly situated SMs proper overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

22.    Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants as SMs at any time from three years prior to the filing of this Collective Action Complaint to the entry of judgment in this case (the "Putative FLSA Collective"), or as extended by any tolling provision.

23.    Defendants are liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiff and the members of the Putative FLSA Collective.

24.    There are numerous similarly situated current and former SMs who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it.  Thus, notice should be sent to the Putative FLSA Collective pursuant to 29 U.S.C. § 216(b).

25.    Similarly situated employees are known to Defendants, readily identifiable, and can be located though Defendants' records.

26.     Plaintiff and the members of the Putative FLSA Collective, all of whom regularly worked more than forty (40) hours in a workweek, were employed as SMs by Defendants.

27.     Defendants failed to pay Plaintiff and the members of the Putative FLSA Collective overtime compensation for the hours they worked over forty (40) in a workweek.

28.     Defendants failed to keep accurate records of all hours worked by Plaintiff and the members of the Putative FLSA Collective.

29.     Throughout the relevant period, it has been Defendants' policy, pattern, or practice to require, suffer, or permit Plaintiff and the members of the Putative FLSA Collective to work in excess of forty (40) hours per workweek without paying them overtime wages for all overtime hours worked.  Defendants misclassified Plaintiffs and the Putative FLSA Collective members as exempt from the FLSA's overtime pay requirements.

30.     Defendants assigned the work that Plaintiff and the members of the Putative FLSA Collective have performed, or Defendants were aware of the work they performed.

31.     The work performed by Plaintiff and the members of the Putative FLSA Collective constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimus*.

32.     Defendants intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiff and the members of the Putative FLSA Collective.  This policy, pattern or practice was authorized, established, promulgated, and/or ratified by Defendants' corporate headquarters.  This policy, pattern or practice includes but is not limited to:

        a.     willfully failing to record all the time Plaintiff and the members of the Putative FLSA Collective have worked for the benefit of Defendants;

b.      willfully failing to keep accurate time records as required by the FLSA;

c.      willfully failing to credit Plaintiff and the members of the Putative FLSA Collective for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

d.      willfully failing to pay Plaintiff and the members of the Putative FLSA Collective wages for all hours worked including overtime wages for hours in excess of forty (40) hours per workweek.

33.    Defendants are aware, or should have been aware, that the FLSA requires them to pay Plaintiff and the members of the Putative FLSA Collective an overtime premium for hours worked in excess of forty (40) hours per workweek.

34.    Consistent with Defendants' policy, pattern or practice, Plaintiff and the members of the Putative FLSA Collective regularly worked in excess of forty (40) hours per workweek without being paid overtime wages.

35.    All members of the Putative FLSA Collective primarily performed the same or substantially similar job duties.

36.    The primary duties that Plaintiff and the other SMs regularly performed include, but are not limited to:

a.   selling phones,

b.   stocking,

c.   helping customers,

d.   troubleshooting phones,

e.   answering calls, and

f.   cleaning.

37.     Plaintiff's and the other SMs' primary job duties did not include:

    a.   hiring

    b.   firing;

    c.   setting rates of pay;

    d.   scheduling; or

    e.   disciplining other employees.

38.     Plaintiff's and the other SMs' primary duties did not differ substantially from the duties of non-exempt hourly-paid employees.

39.     Plaintiff's and the other SMs did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

40.     Plaintiff's and the other SMs' primary duties were customer service related. Customer service occupied the majority of the Plaintiff's and the other SMs' working hours.

41.     Pursuant to a centralized, company-wide policy, pattern, and practice, Defendants classified all SMs as exempt from coverage of the overtime provisions of the FLSA.

42.     Defendants did not perform a person-by-person analysis of every SM's job duties when making the decision to classify all of them as exempt from the FLSA's overtime protections, as well as the protections of other applicable state laws.

43.     Upon information and belief, Defendants' unlawful conduct described in this Collective Action Complaint is pursuant to a corporate policy or practice which minimizes labor costs by violating the FLSA.

44.     Defendants' failure to pay overtime wages for work performed by the Putative FLSA Collective in excess of forty (40) hours per workweek was willful.

45.     Defendants' unlawful conduct has been widespread, repeated and consistent.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act: Unpaid Overtime Wages**
**(On behalf of Plaintiff and the Putative FLSA Collective)**

46.     Plaintiff and the members of the Putative FLSA Collective, reallege and incorporate by reference paragraphs 1 to 45 as if they were set forth again herein.

47.     Defendants engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

48.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

49.     A written consent form for Plaintiff is being filed with this Collective Action Complaint. (Ex. 1).

50.     At all relevant times, Plaintiff and the members of the Putative FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

51.     The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq*. apply to Defendants.

52.     Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

53.     At all times relevant, Plaintiff and the members of the Putative FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

54.     Defendants failed to pay Plaintiff and other similarly situated members of the Putative FLSA Collective the overtime wages to which they were entitled under the FLSA.

55.     Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been intentional and willful, and as such a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

56.     Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and other similarly situated members of the Putative FLSA Collective.

57.     As a result of the Defendants' violations of the FLSA, Plaintiff and all other similarly situated members of the Putative FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

58.     As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated members of the Putative FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, ANDREA SAMAYOA, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action to the Collective Members.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.     Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.     Pre-judgment interest and post-judgment interest as provided by law;

D.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

E.      Attorneys' fees and costs of the action; and

F.      Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
       June 8, 2022

Respectfully submitted,

_____
Michael J. Palitz
**SHAVITZ LAW GROUP, P.A.**
800 3rd Avenue, Suite 2800
New York, New York 10022
Tel:    (800) 616-4000
Fax:    (561) 447-8831
mpalitz@shavitzlaw.com

Gregg I. Shavitz*
Camar R. Jones*
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, Florida 33432
Tel:    (561) 447-8888
Fax:    (561) 447-8831

*Attorneys for Plaintiff and the Putative Collective*

*to be admitted *pro hac vice*